Atlantic Plywood Corporation
P.O. Box 2705
Woburn, MA 01888-1305


Brian Kubala
140 Penora Street
Depew, NY 14043


Cingular Wireless
P.O. Box 17496
Baltimore, MD 21297-1496


Clipper Magazine
3708 Hempland Road
Mountville, PA 17554


Credit Collection Services
Nationwide Insurance
P.O. Box 55126
Boston, MA 02205-5126


D & M Plywood Inc.
340 Seneca Street
Buffalo, NY 14204


Home Depot
Home Depot Credit
P.O. Box 6029
The Lakes, NV 88901-6029


M& T Bank
P.O. Box 427
Buffalo, NY 14240


Mathew Mendola
61 Albert Drive
Lancaster, NY 14086

Mathew Mendola
61 Albert Drive
Lancaster, NY 14086


Midstate Mutual Insurance Company
P.O. Box 430
Auburn, NY 13021-0430


National Fuel
P.O. Box 4103
Buffalo, NY 14264


Nationwide Insurance Company
P.O. Box 742534
Cincinnati, OH 45274-2534


Nationwide Life Insurance Company
P.O. Box 742534
Cincinnati, OH 45274-2534


NYSEG
P.O. Box 5550
Ithaca, NY 14852


Robert C. Boehm, Esq.
Aaron Dautch Sternberg & Lawson LLP
43 Court St. Suite 730
Buffalo, NY 14202


Samuel S. Sansone, Esq.
443 Davison Road Apt. 11
Lockport, NY 14094


Savers Direct Mail
P.O. Box 269
Mendon, NY 14506

Verizon
P.O. Box 15124
Albany, NY 12212-5124


Waste Management, Inc.
2421 West Peoria Avenue
Suite 210
Phoenix, AZ 85029

# UNITED STATES BANKRUPTCY COURT
## Western District of New York

In re:

Case No. _____

**Renaissance Refinishing, Inc.**

**7414**                                                                           Chapter     **7**

# VERIFICATION OF CREDITOR MATRIX

    The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors,  consisting of **3** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:     **8/9/2005**_____

Signed:     **s/ Mathew Mendola**_____

**Mathew Mendola, President**

Signed:     **s/ Mark C. Poloncarz, Esq.**_____

**Mark C. Poloncarz, Esq.**

Bar No.          **1**

| FORM B1 | United States Bankruptcy Court<br>Western District of New York | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Renaissance Refinishing, Inc.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**7414** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if<br>more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**17 Embry Place**<br>**Lancaster, NY 14086** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: **Erie** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): | **17 Embry Place**<br>**Lancaster, NY 14086** |
|---|---|

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|
| ☐ Individual(s)     ☐ Railroad<br>☑ Corporation     ☐ Stockbroker<br>☐ Partnership     ☐ Commodity Broker<br>☐ Other _____     ☐ Clearing Bank | ☑ Chapter 7     ☐ Chapter 11     ☐ Chapter 13<br>☐ Chapter 9     ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts** (Check one box)<br>☐ Consumer/Non-Business     ☑ Business | **Filing Fee** (Check one box)<br>☑ Full Filing Fee Attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>   Must attach signed application for the court's consideration certifying<br>   that the debtor is unable to pay fee except in installments.<br>   Rule 1006(b). See Official Form No. 3. |
| **Chapter 11 Small Business (Check all boxes that apply)**<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>   11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will
be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15<br>☐ | 16-49<br>☑ | 50-99<br>☐ | 100-199<br>☐ | 200-999<br>☐ | 1000-over<br>☐ |
|---|---|---|---|---|---|---|

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000<br>☑ | $50,001 to<br>$100,000<br>☐ | $100,001 to<br>$500,000<br>☐ | $500,001 to<br>$1 million<br>☐ | $1,000,001 to<br>$10 million<br>☐ | $10,000,001 to<br>$50 million<br>☐ | $50,000,001 to<br>$100 million<br>☐ | More than<br>$100 million<br>☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000<br>☑ | $50,001 to<br>$100,000<br>☐ | $100,001 to<br>$500,000<br>☐ | $500,001 to<br>$1 million<br>☐ | $1,000,001 to<br>$10 million<br>☐ | $10,000,001 to<br>$50 million<br>☐ | $50,000,001 to<br>$100 million<br>☐ | More than<br>$100 million<br>☐ |

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): **Renaissance Refinishing, Inc.** | |
|---|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   **Not Applicable**
    Signature of Debtor

X   **Not Applicable**
    Signature of Joint Debtor

    Telephone Number (If not represented by attorney)

    Date

**Signature of Attorney**

X   **s/ Mark C. Poloncarz, Esq.**
    Signature of Attorney for Debtor(s)

**Mark C. Poloncarz, Esq., 1**
Printed Name of Attorney for Debtor(s) / Bar No.

**Kavinoky Cook LLP**
Firm Name

**726 Exchange Street, Suite 800 Buffalo, New York 14210**
Address

**(716) 845-6000**           **(716) 845-6474**
Telephone Number

**8/9/2005**
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   **s/ Mathew Mendola**
    Signature of Authorized Individual

**Mathew Mendola**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**8/9/2005**
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X   **Not Applicable**
    Signature of Attorney for Debtor(s)         Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
☒ Yes, and Exhibit C is attached and made a part of this petition.
☐ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number (Required by 11 U.S.C. § 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X   **Not Applicable**
    Signature of Bankruptcy Petition Preparer

    Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Name of Debtors: **Renaissance Refinishing, Inc.**

Case Number:

| NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT DEBTOR |
| --- |

# United States Bankruptcy Court

## Western District of New York

In re:

Case No. _____

Chapter **7**

**Renaissance Refinishing, Inc.**

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, **Mathew Mendola**, declare under penalty of perjury that I am the **President** of **Renaissance Refinishing, Inc.,** a **New York** Corporation and that on **07/22/2005** the following resolution was duly adopted by the **Matthew Mendola** of this Corporation:

"Whereas, it is in the best interest of this Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

Be It Therefore Resolved, that **Mathew Mendola**, **President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy case on behalf of the Corporation; and

Be It Further Resolved, that **Mathew Mendola**, **President** of this Corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case; and

Be It Further Resolved, that **Mathew Mendola**, **President** of this Corporation, is authorized and directed to employ **Mark C. Poloncarz, Esq.**, attorney and the law firm of **Kavinoky Cook LLP** to represent the Corporation in such bankruptcy case."

Executed on: **8/9/2005**

Signed: **s/ Mathew Mendola**
**Mathew Mendola**

FORM B6A

(6/90)

**In re:**  **Renaissance Refinishing, Inc.**                                    ,    **Case No.**

                        **Debtor**                                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | **Total** ➢ | 0.00 | |

(Report also on Summary of Schedules.)

In re  **Renaissance Refinishing, Inc.** 	,  Case No. _____
	**Debtor** 	**(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **James R. Bewley Development LLC** | | **1,500.00** |
| | | **Joseph F. Boxhorn** | | **950.00** |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| | | | | |

FORM B6B
(10/89)

In re **Renaissance Refinishing, Inc.** , Case No. _____
　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | | **14.4 volt Ryobi Power Driver** | | **30.00** |
| | | **Air Filter** | | **25.00** |

In re  **Renaissance Refinishing, Inc.**                                    ,  Case No. _____
                          **Debtor**                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Machinery, fixtures, equipment and supplies used in business. | | **Belt Sander** | | **15.00** |
| | | **Clamps** | | **20.00** |
| | | **Compressor** | | **100.00** |
| | | **Cut Off Saw** | | **60.00** |
| | | **Drill Press** | | **50.00** |
| | | **Dust Vacuum** | | **70.00** |
| | | **Jig Saw** | | **20.00** |
| | | **Misc. Bits** | | **10.00** |
| | | **Nail Gun** | | **25.00** |
| | | **Orbital Sander** | | **20.00** |
| | | **Other Misc. Tools** | | **50.00** |
| | | **Paint Booth** | | **500.00** |
| | | **Planer** | | **20.00** |
| | | **Shaper** | | **100.00** |
| | | **Spray Guns** | | **40.00** |
| | | **Table Saw** | | **100.00** |
| | | **Turbine Pump** | | **25.00** |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| | | | | |

**In re** **Renaissance Refinishing, Inc.**           ,    **Case No.** _____
                            **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33. Other personal property of any kind not already listed.  Itemize. | **X** | | | |

                     _3_    continuation sheets attached           Total ➤     **$ 3,730.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6D
(12/03)

**In re:**   **Renaissance Refinishing, Inc.** _____ ,   **Case No.** _____
                                    Debtor                                                                                      (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | _____ <br> **VALUE** | | | | | |

<u>0</u> Continuation sheets attached

|  |  |
|---|---|
| **Subtotal** ➢ <br> (Total of this page) | **$0.00** |
| **Total** ➢ <br> (Use only on last page) | **$0.00** |

(Report total also on Summary of Schedules)

Form B6E
(04/04)

In re  **Renaissance Refinishing, Inc.** _____ ,  Case No. _____
　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**　　(Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___1___ Continuation sheets attached

In re   **Renaissance Refinishing, Inc.**                                    ,   Case No. _____
                 Debtor                                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. 1 of 1 sheets attached to Schedule of Creditors Holding Priority Claims

|  | Subtotal (Total of this page) | ➢ | **$0.00** |
|---|---|---|---|
|  | **Total** **(Use only on last page of the completed Schedule E.)** | ➢ | **$0.00** |

(Report total also on Summary of Schedules)

Form B6F (12/03)

In re  **Renaissance Refinishing, Inc.** ,  Case No. _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>**Atlantic Plywood Corporation**<br>**P.O. Box 2705**<br>**Woburn, MA 01888-1305** | X | | **Trade Creditor- Plywood** | | | | **929.72** |
| ACCOUNT NO. **688245998** <br><br>**Cingular Wireless**<br>**P.O. Box 17496**<br>**Baltimore, MD 21297-1496** | X | | **Cellular Service** | | | | **1,194.94** |
| ACCOUNT NO. **60750** <br><br>**Clipper Magazine**<br>**3708 Hempland Road**<br>**Mountville, PA 17554** | X | | **Magazine Advertising** | | | | **1,350.00** |
| ACCOUNT NO. <br><br>**Credit Collection Services**<br>**Nationwide Insurance**<br>**P.O. Box 55126**<br>**Boston, MA 02205-5126** | X | | **Auto Insurance** | | | | **520.00** |
| ACCOUNT NO. <br><br>**D & M Plywood Inc.**<br>**340 Seneca Street**<br>**Buffalo, NY 14204**<br><br><br>**Robert C. Boehm, Esq.**<br>**Aaron Dautch Sternberg & Lawson LLP**<br>**43 Court St. Suite 730**<br>**Buffalo, NY 14202** | X | | **Trade Creditor- Plywood** | | | | **3,027.66** |

 3  Continuation sheets attached

Subtotal  ➢   **$7,022.32**

Total  ➢

**In re** **Renaissance Refinishing, Inc.** , **Case No.**
**Debtor** **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Home Depot** <br> **Home Depot Credit** <br> **P.O. Box 6029** <br> **The Lakes, NV 88901-6029** | X | | **Credit Card- Trade Creditor** | | | | **3,158.89** |
| ACCOUNT NO. **65489360001** <br> **M& T Bank** <br> **P.O. Box 427** <br> **Buffalo, NY 14240** | X | | **Auto Loan for 2000 Chevrolet Blazer that was repossessed in early July, 2005** | | | | **12,346.00** |
| ACCOUNT NO. <br> **Midstate Mutual Insurance Company** <br> **P.O. Box 430** <br> **Auburn, NY 13021-0430** | X | | **Insurance for Brian Kubala and Matthew Mendola** | | | | **594.69** |
| ACCOUNT NO. **5474214-05** <br> **National Fuel** <br> **P.O. Box 4103** <br> **Buffalo, NY 14264** | X | | **Utility Service** | | | | **1,746.36** |
| ACCOUNT NO. **B176611500** <br> **Nationwide Insurance Company** <br> **P.O. Box 742534** <br> **Cincinnati, OH 45274-2534** | X | | **Automobile Insurance for Company Vehicle which has since been repossessed** | | | | **151.88** |

Sheet no. 1 of 3 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➢ (Total of this page) **$17,997.82**

Total ➢
**(Use only on last page of the completed Schedule F.)**

Form B6F - Cont.
(12/03)

**In re** **Renaissance Refinishing, Inc.**      .    **Case No.** _____

                    **Debtor**                                      **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **B176611490**<br>**Nationwide Life Insurance Company**<br>**P.O. Box 742534**<br>**Cincinnati, OH 45274-2534** | X | | **Automobile insurance for vehicle which has since been repossessed** | | | | **97.74** |
| ACCOUNT NO. **433101400930023**<br>**NYSEG**<br>**P.O. Box 5550**<br>**Ithaca, NY 14852** | X | | **Electric Utility** | | | | **334.00** |
| ACCOUNT NO.<br>**Samuel S. Sansone, Esq.**<br>**443 Davison Road Apt. 11**<br>**Lockport, NY 14094** | X | | **Legal Services** | | | | **5,420.00** |
| ACCOUNT NO.<br>**Savers Direct Mail**<br>**P.O. Box 269**<br>**Mendon, NY 14506** | X | | **Direct Mail Service** | | | | **2,000.00** |
| ACCOUNT NO. **716-681-9068-065-26-**<br>**Verizon**<br>**P.O. Box 15124**<br>**Albany, NY 12212-5124** | X | | **Phone Service** | | | | **389.14** |

Sheet no. 2 of 3 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

           Subtotal ➤ | **$8,240.88**
(Total of this page)

        **Total** ➤
**(Use only on last page of the completed Schedule F.)**

Form B6F - Cont.
(12/03)

**In re** __Renaissance Refinishing, Inc._____ , **Case No.** _____
                                    **Debtor**                                              **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **342-0055650-1342-1** <br><br> **Waste Management, Inc.** <br> **2421 West Peoria Avenue** <br> **Suite 210** <br> **Phoenix, AZ 85029** | X | | **Garbage Service** | | | | **515.70** |

Sheet no. _3_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal ➢ <br> (Total of this page) | **$515.70** |
| **Total** ➢ <br> **(Use only on last page of the completed Schedule F.)** | **$33,776.72** |

(Report also on Summary of Schedules)

Form B6G
(10/89)

**In re:** **Renaissance Refinishing, Inc.** , **Case No.** _____

**Debtor** **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **James R. Bewley Development, LLC**<br>**P.O. Box 264**<br>**Olcott, NY 14126** | **Lease of business premises at 3870 Broadway, Cheektowaga, NY 14225** |
| **Joseph F. Boxhorn**<br>**25 Ainsley Court**<br>**Williamsville, NY 14221** | **Lease of business premises at 17 Embry Place Lancaster, NY 14086** |

B6H

(6/90)

In re: **Renaissance Refinishing, Inc.** , **Case No.** _____

                **Debtor**                                                     **(If known)**

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Atlantic Plywood Corporation**<br>**P.O. Box 2705**<br>**Woburn, MA 01888-1305** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Savers Direct Mail**<br>**P.O. Box 269**<br>**Mendon, NY 14506** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Verizon**<br>**P.O. Box 15124**<br>**Albany, NY 12212-5124** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Credit Collection Services**<br>**Nationwide Insurance**<br>**P.O. Box 55126**<br>**Boston, MA 02205-5126** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Home Depot**<br>**Home Depot Credit**<br>**P.O. Box 6029**<br>**The Lakes, NV 88901-6029** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **NYSEG**<br>**P.O. Box 5550**<br>**Ithaca, NY 14852** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Cingular Wireless**<br>**P.O. Box 17496**<br>**Baltimore, MD 21297-1496** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **National Fuel**<br>**P.O. Box 4103**<br>**Buffalo, NY 14264** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Waste Management, Inc.**<br>**2421 West Peoria Avenue**<br>**Suite 210**<br>**Phoenix, AZ 85029** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Clipper Magazine**<br>**3708 Hempland Road**<br>**Mountville, PA 17554** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Nationwide Life Insurance Company**<br>**P.O. Box 742534**<br>**Cincinnati, OH 45274-2534** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Nationwide Insurance Company**<br>**P.O. Box 742534**<br>**Cincinnati, OH 45274-2534** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **Midstate Mutual Insurance Company**<br>**P.O. Box 430**<br>**Auburn, NY 13021-0430** |

**In re:** <u>Renaissance Refinishing, Inc.</u> , **Case No.** _____

                         **Debtor**                                                                    **(If known)**

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14043** | **M& T Bank**<br>**P.O. Box 427**<br>**Buffalo, NY 14240** |
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, NY 14086** | **Samuel S. Sansone, Esq.**<br>**443 Davison Road Apt. 11**<br>**Lockport, NY 14094** |
| **Brian Kubala**<br>**140 Penora Drive**<br>**Depew, NY 14043** | **D & M Plywood Inc.**<br>**340 Seneca Street**<br>**Buffalo, NY 14204** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Atlantic Plywood Corporation**<br>**P.O. Box 2705**<br>**Woburn, MA 01888-1305** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Midstate Mutual Insurance Company**<br>**P.O. Box 430**<br>**Auburn, NY 13021-0430** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Verizon**<br>**P.O. Box 15124**<br>**Albany, NY 12212-5124** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **National Fuel**<br>**P.O. Box 4103**<br>**Buffalo, NY 14264** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **NYSEG**<br>**P.O. Box 5550**<br>**Ithaca, NY 14852** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Savers Direct Mail**<br>**P.O. Box 269**<br>**Mendon, NY 14506** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **D & M Plywood Inc.**<br>**340 Seneca Street**<br>**Buffalo, NY 14204** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Home Depot**<br>**Home Depot Credit**<br>**P.O. Box 6029**<br>**The Lakes, NV 88901-6029** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Cingular Wireless**<br>**P.O. Box 17496**<br>**Baltimore, MD 21297-1496** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Waste Management, Inc.**<br>**2421 West Peoria Avenue**<br>**Suite 210**<br>**Phoenix, AZ 85029** |

B6H
(6/90)

In re: **Renaissance Refinishing, Inc.** , **Case No.** _____
　　　　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Nationwide Life Insurance Company**<br>**P.O. Box 742534**<br>**Cincinnati, OH 45274-2534** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Nationwide Insurance Company**<br>**P.O. Box 742534**<br>**Cincinnati, OH 45274-2534** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **M& T Bank**<br>**P.O. Box 427**<br>**Buffalo, NY 14240** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Samuel S. Sansone, Esq.**<br>**443 Davison Road Apt. 11**<br>**Lockport, NY 14094** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Credit Collection Services**<br>**Nationwide Insurance**<br>**P.O. Box 55126**<br>**Boston, MA 02205-5126** |
| **Mathew Mendola**<br>**61 Albert Drive**<br>**Lancaster, NY 14086** | **Clipper Magazine**<br>**3708 Hempland Road**<br>**Mountville, PA 17554** |

# United States Bankruptcy Court
# Western District of New York

In re **Renaissance Refinishing, Inc.**

Case No.

Chapter **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 4 | $ 3,730.00 | | |
| C - Property Claimed as Exempt | YES | 0 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 33.776.72 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 3 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ |
| Total Number of sheets in ALL Schedules ➢ | | 16 | | | |
| Total Assets ➢ | | | $ 3,730.00 | | |
| Total Liabilities ➢ | | | | $ 33,776.72 | |

Official Form 6 - Cont .
(12/03)

In re: __Renaissance Refinishing, Inc.__ , Case No. _____

        **Debtor**                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

(NOT APPLICABLE)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the <u>Corporation</u> named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
_____ 18 _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1.)

Date   **8/9/2005**_____         Signature:   **s/ Mathew Mendola**_____

                                                        **Mathew Mendola President**_____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In Re:

**Renaissance Refinishing, Inc.**

Case No.

Debtor(s)

## DECLARATION RE: ELECTRONIC FILING OF PETITION, SCHEDULES & STATEMENTS
### [Incorporates Form 21, Statement of Social Security Number, for Electronically-filed petitions]

### PART I - DECLARATION OF PETITIONER

I **Mathew Mendola** and, the undersigned debtor(s), ***hereby declare under penalty of perjury*** that the information provided in the electronically filed petition, statements, and schedules is true and correct and that I signed these documents prior to electronic filing. I consent to my attorney sending my petition, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be executed at the First Meeting of Creditors and filed with the Trustee. I understand that failure to file the signed original of this DECLARATION may cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice. I (we) further declare under penalty of perjury that I (we) signed the original Statement of Social Security Number(s), (Official Form B21), prior to the electronic filing of the petition and have verified the 9-digit social security number displayed on the Notice of Meeting of Creditors to be accurate.

☐ If petitioner is an individual whose debts are primarily consumer debts and who has chosen to file under a chapter :
I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief available under each chapter, and choose to proceed under this chapter. I request relief in accordance with the chapter specified in this petition. I (WE) and, the undersigned debtor(s), ***hereby declare under penalty of perjury*** that the information provided in the electronically filed petition, statements, and schedules is true and correct.

☑ If petitioner is a corporation or partnership: I declare under a penalty of perjury that the information provided in the electronically filed petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

☐ If petitioner files an application to pay filing fees in installments: I certify that I completed an application to pay the filing fee in installments. I am aware that if the fee is not paid within 120 days of the filing date of filing the petition, the bankruptcy case may be dismissed and, if dismissed, I may not receive a discharge of my debts.

Dated:   **8/9/2005**

Signed:   **s/ Mathew Mendola**
(Applicant)

### PART II - DECLARATION OF ATTORNEY

I ***declare under penalty of perjury*** that the debtor(s) signed the petition, schedules, statements, etc., including the Statement of Social Security Number(s), (Official Form B21), before I electronically transmitted the petition, schedules, and statements to the United States Bankruptcy Court, and have followed all other requirements in Administrative Orders and Administrative Procedures, including submission of the electronic entry of the debtor(s) Social Security number into the Court's electronic records. If an individual, I further declare that I have informed the petitioner (if an individual) that [he or she] may qualify to proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each chapter. This declaration is based on the information of which I have knowledge.

Dated:   **8/9/2005**

**s/ Mark C. Poloncarz, Esq.**
Attorney for Debtor(s)

Address of Attorney

**726 Exchange Street, Suite 800**

**Buffalo, New York 14210**

[Rev. December 2003]

# United States Bankruptcy Court
## Western District of New York

In re:                                                                Case No.

**Renaissance Refinishing, Inc.**

# List of Equity Security Holders

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOWN ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| **Matthew Mendola**<br>**61 Albert Drive**<br>**Lancaster, New York 14086** | **Common** | **100 shares: sole sharehol** | **fee** |

**UNITED STATES BANKRUPTCY COURT**
**Western District of New York**

In re:   **Renaissance Refinishing, Inc.**          Case No. _____

**7414**                                             Chapter   **7**

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **189,143.00** | **Gross Business Income from Refinishing Business** | **1-1-03 to 12-31-03** |
| **134,038.00** | **Gross Business income From Refinishing Business** | **1-1-04 to 12-31-04** |
| **30,000.00** | **Gross Business Income From Refinishing Business** | **1-1-05 to 7-15-05** |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| | | |

### 3.  Payments to creditors

None
☑

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.  Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **M&T Bank P.O. Box 247 Buffalo, New York 14240** | **07/10/2005** | **2000 Chevrolet Blazer 12,346** |

## 6.  Assignments and receiverships

None
☑

a.   Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Kavinoky Cook LLP** **726 Exchange Street, Suite 800** **Buffalo, New York 14210** | **May 1, 2005** | **$950.00** |

## 10.  Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None
☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☑

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|----------------------------|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None ☑

| NAME | ADDRESS |
|------|---------|

## 19. Books, records and financial statements

None ☐

a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
| **Michael Barnes, CPA** <br> **699 Fletcher Street** <br> **Tonawanda, New York 14150** | **April 2003 and 2004** |

b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑

| NAME | ADDRESS |
|------|---------|

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

None ☑

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

## 20. Inventories

None
☑

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

None
☑

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21. Current Partners, Officers, Directors and Shareholders

None
☑

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

None
☐

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Brian Kubala**<br>**140 Penora Street**<br>**Depew, New York 14086** | **Vice President & Secretary** | **none** |
| **Matthew Mendola**<br>**61 Albert Drive**<br>**Lancaster, New York 14086** | **President, Treasurer** | **100 shares (sole shareholder)** |

## 22. Former partners, officers, directors and shareholders

None
☑

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

None
☑

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23. Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24. Tax Consolidation Group.

None ☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six -year period** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

## 25. Pension Funds.

None ☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

* * * * * *

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date **8/9/2005**

Signature **s/ Mathew Mendola**

**Mathew Mendola, President**

*Print Name and Title*

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

**Penalty for making a false statement:** *Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
## Western District of New York

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:                                                          Case No.:

**Renaissance Refinishing, Inc.**                    Chapter:   **7**
Debtor(s)

Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**none**

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**none**

In re:     **Renaissance Refinishing, Inc.**         Case No. _____

                                                          Chapter    **7**

Debtor

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

      For legal services, I have agreed to accept                                  $         **950.00**

      Prior to the filing of this statement I have received                 $         **950.00**

      Balance Due                                              $         **0.00**

2. The source of compensation paid to me was:

      ☑   Debtor                               ☐   Other (specify)

3. The source of compensation to be paid to me is:

      ☐   Debtor                               ☐   Other (specify)

4.   ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

      ☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)    Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)    [Other provisions as needed]
       **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

      **None**

---

**CERTIFICATION**

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **8/9/2005** _____

                                    **s/ Mark C. Poloncarz, Esq.** _____
                                    **Mark C. Poloncarz, Esq., Bar No.  1**

                                    **Kavinoky Cook LLP**
                                    Attorney for Debtor(s)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|

NOTE:      This form should not be used to make a claim for an administrative expense arising after the commencement of the
case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent: | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone number: | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends    a previously filed claim, dated: _____ |
|---|---|

**1.   Basis for Claim**

- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)

☐ Wages, Salaries and compensations (Fill out below)

Last four digits of SS #: _____

Unpaid compensation for services performed

from _____ to _____
      (date)                    (date)

**2.   Date debt was incurred:**

**3.   If court judgment, date obtained:**

**4.   Total Amount of Claim at Time Case Filed: $** _____ _____ _____ _____
        (unsecured)        (secured)        (priority)        (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.   Secured Claim.**

☐   Check this box if your claim is secured by collateral (including a right to setoff).

Brief Description of Collateral:

☐ Real Estate      ☐ Motor Vehicle
☐ Other _____

Value of Collateral:          $_____

Amount of arrearage and other charges <u>at time case filed</u> included in secured claim , if any:   $_____

**6.   Unsecured Nonpriority Claim** $ _____

☐   Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.   Unsecured Priority Claim.**

☐   Check this box if you have an unsecured priority claim

Amount entitled to priority          $ _____

Specify the priority of the claim:

☐   Wages, salaries, or commissions (up to $4,925), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).

☐   Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).

☐   Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).

☐   Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).

☐   Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).

☐   Other - Specify applicable paragraph of 11 U.S.C. § 507(a)

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7.   Credits:**      The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8.   Supporting Documents:**      *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9.   Date-Stamped Copy:**      To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| **8/9/2005** | |

Case 1-05-16723 MJK,    Doc 1,    Filed 08/09/05,    Entered 08/09/05 14:25:32,

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

---- DEFINITIONS ----

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.)*

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

---

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

**7. Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9 Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**UNITED STATES BANKRUPTCY COURT**
**Western District of New York**

In re: **Renaissance Refinishing, Inc.**                    Case No. _____

Chapter **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

1. Gross Income For 12 Months Prior to Filing:                    $ **30,000.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

2. Gross Monthly Income:                                         $ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

| | |
|---|---|
| 3. Net Employee Payroll (Other Than Debtor) | $ **0.00** |
| 4. Payroll Taxes | **0.00** |
| 5. Unemployment Taxes | **0.00** |
| 6. Worker's Compensation | **0.00** |
| 7. Other Taxes | **0.00** |
| 8. Inventory Purchases (Including raw materials) | **0.00** |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | **0.00** |
| 10. Rent (Other than debtor's principal residence) | **0.00** |
| 11. Utilities | **0.00** |
| 12. Office Expenses and Supplies | **0.00** |
| 13. Repairs and Maintenance | **0.00** |
| 14. Vehicle Expenses | **0.00** |
| 15. Travel and Entertainment | **0.00** |
| 16. Equipment Rental and Leases | **0.00** |
| 17. Legal/Accounting/Other Professional Fees | **0.00** |
| 18. Insurance | **0.00** |
| 19. Employee Benefits (e.g., pension, medical, etc.) | **0.00** |

20. Payments to Be Made Directly By Debtor to Secured Creditors For Pre-Petition Business Debts (Specify):

    **None**

21. Other (Specify):

    **None**

22. Total Monthly Expenses (Add items 3 - 21)                    $ **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)     $ **0.00**